UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-02617-RGK (RZx) | Date | September 26, 2014 |
|---|---|---|---|
| Title | ***RESNICK v. TRANSAMERICA LIFE INSURANCE CO. et al.*** | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) Order re: Motion to Certify Class (DE 20)**

## I. INTRODUCTION

On February 28, 2014, Jeannie Resnick ("Plaintiff"), individually and on behalf of all others similarly situated, sued Transamerica Life Insurance Company and Transamerica Retirement Solutions (collectively, "Defendants") in Los Angeles Superior Court. On April 7, 2014, Defendants removed the action to this Court, and Plaintiff filed a First Amended Complaint (the "Complaint"), asserting claims for (1) failure to pay premium wages under California Labor Code ("Labor Code") Sections 510 and 1194; (2) failure to provide required meal breaks under Labor Code Sections 226.7 and 512; (3) failure to provide required rest breaks under Labor Code Section 226.7; (4) failure to maintain required business records under Labor Code Sections 1174 and 1174.5; (5) failure to provide accurate itemized wage statements under Labor Code Sections 226 and 226.3; (6) failure to pay all earned wages upon separation from employment under Labor Code Sections 200 through 203; (7) unfair business practices under California Business & Professional Code Sections 17200 *et seq.*; and (8) civil penalties under the California Private Attorneys General Act pursuant to Labor Code Sections 2698 *et seq.*

Presently before the Court is Plaintiff's Motion for Class Certification (the "Motion"). For the following reasons, the Court **DENIES** Plaintiff's Motion.

## II. FACTUAL BACKGROUND

Plaintiff alleges as follows:

Defendants employed Plaintiff and the other putative class members as Project Managers and Special Assignment Project Managers from at least March 3, 2010 to the present. Defendants

erroneously misclassified Plaintiff and members of the class as exempt from California wage and hour laws. Plaintiff alleges that she and members of the class should have been classified as non-exempt employees because the majority of their work week was spent performing non-exempt job duties. Further, Plaintiff alleges that Defendants regularly assigned a level of work which required Plaintiff and members of the class to work overtime without compensation and without proper meal and rest breaks as required by California wage and hour laws.

Plaintiff now seeks certification of a class (the "Class"), including one sub-class, based on Defendants' alleged violations as stated in causes of action one through seven. The Class is defined as follows:

> All individuals employed by Defendants, as Project Managers, or similar positions, during the Class Period, who Defendants classified as "exempt" from overtime pay.
>
> As used herein, the term, "Class Period," means the time frame commencing four years prior to the date the original complaint in this action was filed and continuing until the time that judgment is entered in this case.
>
> As used herein, the term, "Project Managers," includes the position denominated by Defendants as "Special Assignment Project Managers."
>
> <u>Separate Employee Subclass</u>: All members of the foregoing Class whose employment with Defendants terminated during the Class Period.

(Notice of Filing Additional Pleadings, Ex. A (Compl. ¶ 20), ECF No. 9.)

## III. **JUDICIAL STANDARD**

To certify a class action, the plaintiff bears the burden of demonstrating that the requirements of Federal Rule of Civil Procedure ("Rule") 23 are met. *Marlo v. United Parcel Service, Inc.*, 639 F.3d 942, 947 (9th Cir. 2011). First, Rule 23(a) requires that "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).

A plaintiff must also satisfy one of the following requirements of Rule 23(b): (1) the prosecution of separate actions would create risk of (a) inconsistent or varying adjudications, or (b) individual adjudications dispositive of the interests of other members not a party to those individual adjudications; (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class; or (3) the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. *See* Fed. R. Civ. P. 23(b).

Frequently, the "rigorous analysis" of whether certification is proper "will entail some overlap with the merits of the plaintiff's underlying claim." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). In examining that "overlap" a court may "afford the litigants an opportunity to present evidence as to whether a class [is] maintainable." *Vinole v. Countrywide Home Loans*, *Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) (citations and internal quotation marks omitted). However, "[a]lthough some inquiry into the substance of a case may be necessary . . . it is improper to advance a decision on the merits to the class certification stage." *Station v. Boeing Co.*, 327 F.3d 938, 954 (9th Cir. 2003) (citations and internal quotation marks omitted).

## IV.  DISCUSSION

Plaintiff contends that causes of action one through seven should be certified under Rule 23; causes of action one through six apply to the Class as a whole, and the seventh cause of action applies only to members of the subclass. Defendants argue that certification is unwarranted because Plaintiff does not satisfy the requirements of Rule 23(a) or 23(b)(3). As discussed below, the Court finds that the prerequisites of Rule 23(a) have not been met, and thus need not address the requirements of Rule 23(b)(3).

To satisfy the prerequisites of Rule 23(a), a plaintiff must set forth facts showing that the class meets four requirements: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613 (1997). Here, Plaintiff has failed to establish commonality.

To demonstrate commonality, a plaintiff must establish that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). In *Wal-Mart Stores, Inc. v. Dukes*, the Supreme Court explained that commonality requires that the members of the putative class share a "common contention." *Dukes*, 131 S. Ct. at 2551. This "common contention . . . must be of such a nature that it is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.*

> What matters to class certification . . . is not the raising of common 'questions' – even in droves – but, rather the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation. Dissimilarities within the proposed class are what have the potential to impede the generation of common answers.

*Id.* (internal quotation marks omitted) (emphasis in original) (citing Richard A. Nagareda, *Class Certification in the Age of Aggregate Proof*, 84 N.Y.U. L. REV. 97, 132 (2009)).

Here, the Class is defined as individuals employed by Defendants as Project Managers, including "the position denominated by the Defendants as Special Assignment Project Managers," or "similar positions." (Compl. ¶ 20.) Defendants identified 101 current and former employees based on this definition (*see* Defs.' App. Evidence, Tab A (Hatton Decl. ¶ 26), ECF No. 25), and it is this group which forms the putative class which Plaintiff seeks to certify in her Motion. Critically, Defendants have provided evidence, both before Plaintiff filed her Motion and in support of Defendants' Opposition, that the members of this group actually held four separate positions, each of which was responsible for different job duties: Project Manager; Special Assignment Project Manager ("SAPM"); Plan Administration Services Support Project Manager ("PASS PM"); and Data Project Manager ("DPM"). (*See* O'Dell Decl., Ex. 3 at 12-13 (Hatton Depo. 45:5-49:19), ECF No. 20-1; Hatton Decl. ¶¶ 3-22.) Given the different positions encompassed by the Class, Plaintiff fails to show that the common contention allegedly shared by all class members is capable of classwide resolution.

Plaintiff identifies the common issue as whether Defendants violated California wage and hours laws by improperly classifying the proposed class members as exempt employees. Determining whether a position of employment is properly classified as exempt requires the examination of the facts specific to that position. Under California law, an employee working in an executive, administrative, or professional position qualifies as exempt if the employee: (1) is primarily engaged in duties that meet the test of the exemption; (2) customarily and regularly exercises discretion and independent judgment in performing those duties; and (3) earns a monthly salary of at least two times the state minimum wage. Cal. Lab. Code § 515(a); *see Harris v. Superior Court*, 53 Cal. 4th 170, 178 (2011).

Plaintiff has not established that the common issue of exempt classification can be resolved consistently given the differences in the class members' positions. Defendants have provided detailed descriptions demonstrating that the four positions comprising the Class are distinct from one another and vary in responsibilities and duties, as well as the degree of discretion and judgment employed. (*See* Hatton Decl. ¶¶ 4-22.) For example, Defendants describe the primary job duty of Project Manager as "manag[ing] the process of setting up ERISA retirement plans for companies and also transferring such plans from other companies to Transamerica." (Hatton Decl. ¶ 4.) In contrast,

> PASS PMs focused on administering existing plans following the installation process. . . . Unlike the other three positions, the PASS PMs had no involvement in the installation process for retirement plans. Instead, they stepped in to support plan administrators at smaller companies following installation and helped to administer the retirement plans indefinitely on an ongoing basis. . . .
>
> PASS PMs evaluated general eligibility to participate in plans . . . [and] [w]hen a participant wanted to take a loan or distribution from the plan, the PASS PM would handle the request, and had authority to act on behalf of the trustee to approve it.

(Hatton Decl. ¶¶ 20-21.) Plaintiff has not addressed the differences between the four identified positions, but instead simply states in conclusory fashion that all 101 putative class members "performed the same essential work for Defendants." (Pl.'s Mot. Certify Class 8:8.) Plaintiff has therefore failed to show that a classwide proceeding would "generate common answers," as required under Rule 23(a)(2). *See Dukes*, 131 S. Ct. at 2551; *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 155 (1982) (a plaintiff must show not only that "the issues involved are common to the class as a whole," but also that those issues "turn on questions of law applicable *in the same manner* to each member of the class.") (internal citations and quotation marks omitted) (emphasis added). Because Plaintiff has not met this burden, she fails to establish that class certification is proper.

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Certify Class.

**IT IS SO ORDERED.**

                                                                               **:**

**Initials of Preparer**